Filed 9/9/15  P. v. Puga CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061035 |
| v. | (Super.Ct.No. SWF1202868) |
| PAUL RUDY PUGA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Timothy F. Freer, Judge.
Affirmed.

Jan B. Norman, under appointment by the Court of Appeal, for Defendant and
Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney
General, Julie L. Garland, Assistant Attorney General, Melissa Mandel and Stephanie H.
Chow, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant Paul Puga is serving a 12-year prison term after a jury found him guilty
of possessing for sale and transporting methamphetamine.  Defendant admitted to having

1

four prior strike convictions and three prior prison terms. In this appeal, defendant asks this court to review an *in camera* proceeding concerning the disclosure of the identity of a confidential informant. We review the *in camera* proceeding and conclude that the trial court did not err in refusing to disclose the identity of the confidential informant.

## FACTS AND PROCEDURE

On June 26, 2013, sheriff's deputies pulled over defendant in his vehicle after seeing him talk on his cellular telephone while driving. The deputies had been surveilling defendant's residence. Defendant had $120 in his wallet, $1,000 in his socks, and a baggie containing 8.2 grams of methamphetamine in his rectum.

On December 2, 2013, the People filed an amended information charging defendant with possessing methamphetamine for sale (Health & Saf. Code, § 11378) and transporting methamphetamine (Health & Saf. Code, § 11379). The People alleged defendant had three prison term priors (Pen. Code, § 667.5, subd. (b)) and four strike priors (Pen. Code, §§ 667, subds. (c) & (e)(2)(A), 1170.12, subd. (c)(2)(A)).

On March 11, 2014, a jury found defendant guilty of both counts. Also on that date defendant admitted each of the allegations. On April 22, 2014, the trial court sentenced defendant to 12 years in prison.

This appeal followed.

## DISCUSSION

Before trial, defendant filed a motion to compel disclosure of the identity of a confidential informant. In response, the People asked for an *in camera* review of the evidence. Based on these requests, the trial court found "there might be exculpatory

2

evidence" and agreed to an *in camera* review. The court held the *in camera* review on December 2, 3 and 19, 2013, the record of which was sealed. After the hearing, the court denied the motion to disclose "for reasons I stated in the closed hearing."

We have examined the transcript of that hearing and conclude that the trial court did not err in refusing to order that the identity of the informant be disclosed. (*People v. Gordon* (1990) 50 Cal.3d 1223, 1245, 1246 [overruled on other grounds in *People v. Edwards* (1991) 54 Cal.3d 787, 835].)

## DISPOSITION

The judgment is affirmed.

NOT TO BE PULISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

MILLER
J.

3